UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONALD MONTELEONE,
                          Plaintiff,

- against -

BELSITO COMMUNICATIONS, INC.,

                          Defendant.

Docket No. 17-cv-01758

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Ronald Monteleone ("Monteleone" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Belsito Communications, Inc. ("Belsito" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph depicting a group of veterans honored by the Centereach, New York Fire Department and Centereach Fire District on June 5, 2016, owned and registered by Monteleone, a New York-based photojournalist. Accordingly, Monteleone seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Monteleone is a professional photojournalist in the business of licensing his photographs to online, print, and television media outlets for a fee, having a usual place of business at 37 Sunset Drive, Centereach, New York 11720. Monteleone's photographs have appeared in many publications around the United States.

6. Upon information and belief, Belsito is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 1 Ardmore Street, New Windsor, New York 12553.

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. On June 6, 2016, Monteleone photographed a group of veterans honored by the Centereach Fire District and Fire Department (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Monteleone then licensed the Photograph to the Suffolk County Fire Rescue and Emergency Services ("SCFR"). On June 6, 2016, SCFR posted an article that featured the Photograph on its Facebook page. Copyright information identifying Monteleone as the photographer was included directly on the Photograph. A true and correct copy of the Photograph on SCFR's Facebook page is attached hereto as Exhibit B.

9. Monteleone is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given pending Copyright Registration Number 1-4358910751. See Exhibit C.

**B.     Defendant's Infringing Activities**

11. Upon information and belief, in July 2016, Belsito published an article in its monthly publication, 1st Responder Newspaper (the "Newspaper"), entitled *Centereach Fire District and Department honors It's Veterans*. See https://issuu.com/belsitoinc/docs/li_july_e5fc7896168047. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

12. Belsito did not license the Photograph from Plaintiff for its article, nor did Belsito have Plaintiff's permission or consent to publish the Photograph in its Newspaper.

13. Upon information and belief, Belsito removed Monteleone's credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BELSITO)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Belsito infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph in its Newspaper. Belsito is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute an infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the aforementioned acts of infringement by Belsito have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

19. Defendant's conduct described above is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BELSITO
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published on SCFR's Facebook page, it contained copyright management information under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article in the Newspaper, Belsito intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Belsito violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Belsito's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Belsito intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph. Belsito also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Belsito as alleged herein, Plaintiff is entitled to recover from Belsito the damages that he sustained and will sustain, including Plaintiff's attorney's fees and costs; plus, any non-cumulative gains, profits and/or advantages obtained by Belsito resulting from its violation of 17 U.S.C. § 1202.

27. Alternatively, Plaintiff may elect to recover from Belsito statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500, and up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Belsito be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant Belsito be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. That, with regard to the First Claim for Relief, Plaintiff be awarded his actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500, and up to $ 25,000, for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: March 29, 2017
       Valley Stream, New York

                LIEBOWITZ LAW FIRM, PLLC

                By: /s/ Kamanta C. Kettle
                      Kamanta C. Kettle

                    Richard P. Liebowitz
                    Kamanta C. Kettle
                    11 Sunrise Plaza, Suite 305
                    Valley Stream, New York 11580
                    Telephone: (516) 233-1660
                    RL@LiebowitzLawFirm.com
                    KK@LiebowitzLawFirm.com

                    *Attorneys for Plaintiff Ronald Monteleone*